## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| KOREY FARMER, Individually and for Others Similarly Situated, <br><br> v. <br><br> TJ INSPECTIONS, INC. | CASE NO. 5:22-cv-66 |

## COMPLAINT

### SUMMARY

1. Korey Farmer brings this collective action against TJ Inspections because it failed to pay its pipeline inspectors overtime as required by federal law.

### JURISDICTION & VENUE

2. This Court has original jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. TJ Inspection maintains an office in Texas, performs most of its work in Texas, and is subject to general jurisdiction in Texas.

4. Venue is proper under 28 U.S.C. § 1391(a) since Farmer worked for TJ Inspections in this Division, meaning a significant portion of the relevant acts occurred in this Division.

### PARTIES

5. Farmer was employed by TJ Inspections as a Pipeline Inspection from mid to late 2021.

6. He regularly worked 10+ a day, for as many as 6 days in a week, without receiving the overtime pay required by federal law.

7. His written consent is attached.

8. Farmer brings this action on behalf of themselves and all other similarly situated Pipeline Inspectors under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Class").

9. The FLSA Class was subjected to the same FLSA violations described herein.

10. The FLSA Class is properly defined as:

**All Pipeline Inspectors that TJ Inspections paid on a day rate basis in the past 3 years.**

11. TJ Inspections is a pipeline inspection company (http://www.tjinspection.com/).

12. In each of the past 3 years, its annual gross revenues have exceeded $5 million.

13. At all relevant times, TJ Inspections employees handled, sold, or otherwise worked on goods or materials (like cell phones, hand tools, computers, pens, etc.) that have been moved in or produced for commerce.

### FACTUAL ALLEGATIONS

14. Farmer worked for TJ Inspections in the Western District of Texas.

15. TJ Inspections employed Farmer as a Pipeline Inspector.

16. TJ Inspection has an in-house training program used to train its Pipeline Inspectors.

17. TJ Inspection provides inspection services in several states, with an emphasis in Texas:



*See* http://www.tjinspection.com/About/Projects#.YfBG6_vMI7c.

18. TJ Inspections's clients use its services and equipment to produce pipelines.

19. Farmer and all those similarly situated to him worked as Pipeline Inspectors.

20. Pipeline Inspectors perform work directly related to the production of pipelines.

21. Pipeline Inspectors review construction documents, specifications, landowner restrictions, and similar well-defined policies and procedures and ensure that they are followed.

22. Pipeline Inspectors are employed to gather factual information, apply known standards or prescribed procedures, determine which procedure to follow, and determine whether prescribed standards or criteria are met.

23. No advanced degree is required to become a Pipeline Inspector.

24. Pipeline Inspectors like Farmer are blue collar workers.

25. Pipeline Inspectors rely on their hands, physical skills, and energy, to perform their jobs on the pipeline.

26. Pipeline Inspectors work long hours.

27. While in the field, Pipeline Inspectors like Farmer regularly work 10+ hours in a day for as many as 6 days in a week.

28. As a result, Pipeline Inspectors like Farmer often work 60+ hours in a week.

29. But TJ Inspections did not pay its Pipeline Inspectors overtime for hours worked in excess of 40 in a week.

30. Instead, TJ Inspections pays Pipeline Inspectors a flat daily rate.

31. TJ Inspections does not guarantee any certain amount of pay per week.

32. Instead, TJ Inspections only pays its Pipeline Inspectors an amount equal to the number of days worked times their daily rate.

33. For example, Farmer's daily rate was $400 per day.

34. If he worked 6 days in a week, he was paid $400 times 6 (or $2,400).

35. His daily pay did not increase when he worked more than 40 hours in a week.

36. TJ Inspections employed the Pipeline Inspectors.

37. TJ Inspections knows its Pipeline Inspectors are scheduled for, and actually work, far more than 40 hours in certain workweeks.

38. TJ Inspections has been sued for similar FLSA violations before.

39. Accordingly, TJ Inspections knew it was obligated to pay overtime.

40. TJ Inspections knew it was required to pay its Pipeline Inspectors overtime.

41. As a result of TJ Inspections's policies, Farmer and the FLSA Class were denied the overtime pay required by law.

42. TJ Inspections showed reckless disregard for its obligations under the FLSA with respect to Farmer and the FLSA Class.

## COLLECTIVE ALLEGATIONS

43. Farmer brings his claims under the FLSA as a collective action on behalf of the FLSA Class.

44. TJ Inspections employed at least 60 Pipeline Inspectors in the United States during the past 3 years.

45. These workers are geographically disbursed, residing in states across the county.

46. Because these workers do not have fixed work locations, Pipeline Inspectors work in many different locations (even different states) in a given year.

47. A collective action suit is superior to other available means for fair and efficient adjudication of the lawsuit.

48. Absent these actions, TJ Inspections will retain the proceeds of its FLSA violations.

49. Furthermore, even if some members of the FLSA Class could afford individual litigation against TJ Inspections, it would be unduly burdensome to the judicial system.

50. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

51. There is a well-defined community of interest in the questions of law and fact affecting FLSA Class as a whole.

52. The questions of law and fact common to the members of the FLSA Class will allow this case to be resolved collectively. Among the common questions of law and fact are:

   a. Whether TJ Inspections's "day rate" pay plan complies with the FLSA's "salary basis" test;

   b. Whether TJ Inspections's decision to classify Pipeline Inspectors as "exempt" was made in good faith; and

   c. Whether TJ Inspections' violation of the FLSA was willful.

53. Farmer's claims are typical of the claims of members of the classes.

54. Farmer and the FLSA Class sustained damages from TJ Inspections's wrongful and uniform employment policy.

### CAUSE OF ACTION: Violation of the FLSA

55. Farmer incorporates all preceding allegations.

56. At all relevant times, TJ Inspections has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

57. TJ Inspections employed Plaintiffs and each member of the FLSA Class.

58. During the limitations period, TJ Inspections had a policy and practice of refusing to pay Pipeline Inspectors overtime for hours worked in excess of 40 per week.

59. TJ Inspections's failure to pay Plaintiffs and the FLSA Class overtime at rates not less than one and one-half times their regular rates violated 29 U.S.C. § 207.

60. Farmer and the members of the FLSA Class are entitled to recover from TJ Inspections their unpaid overtime compensation, an equal as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

61. Farmer demands a trial by jury.

**PRAYER**

WHEREFORE, Farmer prays for:

a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Pipeline Inspectors;

b. A judgment against TJ Inspections awarding Plaintiffs and the FLSA Class all their unpaid overtime compensation and an equal amount as liquidated damages;

c. An order awarding attorneys' fees, costs, and expenses;

d. Pre- and post-judgment interest; and

d. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: _/s/ Rex Burch_
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
 713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson*
Andrew W. Dunlap*
Josephson Dunlap, LLP
11 Greenway Plaza, Suite 3
Houston, Texas 77046
Phone: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND THE PROPOSED CLASSES**